E-FILED
Friday, 31 March, 2023 02:13:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH GRAY, )
Plaintiff, )
)
vs. ) Case No. 22-1398
)
JOHN BALDWIN, et. al., )
Defendants )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges 16 Defendants violated his constitutional rights at Pontiac Correctional Center including Former Director John Baldwin; Prison Rape Elimination Act (PREA) Coordinator Ryan Nottingham; Former Wardens Teri Kennedy, Leonta Jackson, and John Burle; Former Assistant Warden Emily Ruskin; Food Service Supervisors Paul Griffith, Bart Ramey, and Pat Moore; Internal Affairs Officer Charavea Williams; Sergeants Tracy Nodine and Clifford Brewer; Grievance Officer Sharon Simpson; and Correctional Officers James McCarthy, David Forney, and Bill Baker.

It is difficult to discern Plaintiff's claims. Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Plaintiff's 126-page complaint does not meet this requirement.

First, Plaintiff lists potential claims in three different sections of this complaint: the list of Defendants, (p. 3-12); the factual allegations, (p. 15-53); and the listed "counts." (p. 55-60). The allegations alleged in each section are not the same. For instance, Plaintiff refers to due process violations in the facts section, but not in the list of counts. Plaintiff should state each claim only one time to prevent confusion over intended claims.

In addition, a plaintiff should not include affidavits, exhibits, or other evidence in support of his allegations in a complaint. Plaintiff also should not provide the background of statutes such as the Prison Rape Elimination Act (PREA) or list other inmate's complaints pursuant to this act.

Second, a large portion of Plaintiff's complaint focuses on what he alleges are repeated PREA violations. However, PREA does not provide a private right of action. *See Sims v. Doe*, 2018 WL 4027632 at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases); *see also Coonce v. Martin*, 2021 WL 2686420, at *1 (N.D.Ind. June 30, 2021)(plaintiff cannot state a claim against officer for sexually inappropriate comments or failure to appropriately investigate PREA complaint because PREA does not provide private right of action); *Byrd v. Smith*, 2021 WL 1696391, at *5 (S.D.Ind. April 29, 2021)("any claim based on a

PREA violation is dismissed for failure to state a claim upon which relief may be granted."). Therefore, Plaintiff cannot pursue many of the claims alleged in his complaint.

Plaintiff further claims Defendants retaliated against him. To state a claim, a plaintiff must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Filing a PREA complaint or a grievance is a protected First Amendment activity.

However, not every slight by a prison official supports a retaliation claim. For instance, an officer turning on Plaintiff's cell light and laughing at 9:30 at night on one occasion is not the kind of deprivation likely to deter First Amendment activity, nor is telling Plaintiff he would have to wait for a scheduled doctor's appointment. *See Cape v. St. Joseph Cauty Jail*, 2021 WL 4439773, at *2 (N.D.Ind. Sept. 28, 2021) (denying a request to purchase a pen is not kind of deprivation to support First Amendment claim); *Gully v. Hundley*, 2020 WL 1503577, at *5 (S.D. Ill. Mar. 30, 2020), *appeal dismissed*, 2020 WL 9423905 (7th Cir. Dec. 14, 2020) (noting in dicta that a delay of up to sixty minutes to get an inmate to the medical department for a breathing treatment was not sufficient to deter a person of ordinary firmness from future First Amendment activity).

In addition, vague allegations that unknown staff members retaliated against Plaintiff by denying him showers, yard time, etc. on unspecified days are insufficient to articulate a claim.

Finally, while Plaintiff's wife maintains an officer made derogatory comments to her before a visitation, this incident cannot be used to support a claim of retaliation against the Plaintiff.

It does appear Plaintiff can articulate a claim alleging the Defendant Food Supervisors retaliated against him for his PREA complaints, but the Court will allow Plaintiff an opportunity to more clearly articulate his claims since he cannot proceed with any claims based on PREA violations.

Plaintiff is also advised the fact that his wife sent repeated emails to correctional staff does not necessarily provide adequate notice to those individuals of his claims or problems with staff. Plaintiff should instead focus on any grievances or complaints he filed or conversations he directly had with staff members.

Plaintiff's initial complaint is therefore denied as a violation of Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claims. Plaintiff's amended complaint must stand complete on its own and must not refer to his previous complaint. In addition, Plaintiff MUST abide by the following directions:

1) The list of Defendants should include ONLY Defendant names, job titles, and addresses.

2) Plaintiff must state his intended claims only one time in his complaint. If Plaintiff provides a list of "counts," the Court will rely on this section to state the claims Plaintiff wishes to pursue.

3) Plaintiff must not include exhibits or evidence in support of his claims. Instead, he must provide a short and plain statement of any intended claim.

4) Plaintiff must not include any claims alleging a PREA violation.

The Court will allow Plaintiff 21 days to file the proposed amended complaint in compliance with this order.

Finally, Plaintiff's motions for appointment of counsel are denied with leave to renew after Plaintiff files a proposed amended complaint clarifying his claims and Defendants [5], [6].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint clarifying his claims within 21 days or on or before April 21, 2023. If Plaintiff fails to file his complaint on or before the deadline or fails to follow the Court's instructions, his case will be dismissed without prejudice.

3) The Clerk is to provide Plaintiff with a blank complaint form for his assistance and reset the internal merit review deadline to April 21, 2023.

4) Plaintiff's Motions for Appointment of Counsel are DENIED with leave to renew after Plaintiff files his proposed amended complaint [5], [6].

Entered this 31st day of March, 2023.

s/ James E. Shadid

________________________________________

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE