UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-1398 |
| | ) | |
| JOHN BALDWIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER – AMENDED COMPLAINT

This cause is before the Court for merit review of Plaintiff's Amended Complaint. (Doc. 15). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

Plaintiff alleges ten Defendants violated his constitutional rights at Pontiac Correctional Center, including Prison Rape Elimination Act (PREA) Coordinator Ryan Nottingham; former Wardens Teri Kennedy, Leonta Jackson, and John Burle; Correctional Food Service Supervisors Paul Griffith, Bart Ramey, and Pat Moore; Internal Affairs Officer Charavea Williams; Correctional Officer James McCarthy; and Grievance Officer Sharon Simpson.

The Court dismissed Plaintiff's initial Complaint as a violation of Federal Rule of Civil Procedure 8 and gave Plaintiff an opportunity to file an Amended Complaint to articulate his claims more clearly. (Doc. 11 at p. 4). In its prior Merit Review Order, the Court explicitly instructed Plaintiff to "state his intended claims only one time in his complaint. If Plaintiff provides

a list of 'counts,' the Court will rely on this section to state the claims Plaintiff wishes to pursue." *Id.*

Plaintiff did not follow the Court's instructions. In his Amended Complaint, he lists six "counts" (pp. 15-19) and includes a separate section called "Statement of Claim" containing nearly fifty handwritten paragraphs of factual allegations (pp. 5-14). Plaintiff's Amended Complaint is more akin to a diary or daily log of his interactions with prison staff members from April 2019 through January 2022.

Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." *Id.* at (d)(1). Plaintiff's Amended Complaint does not meet this requirement. The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Bros. Const. Co. v. Int'l Steel Servs., Inc.*, 283 F.3d 867, 872 (7th Cir.2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). Plaintiff's Amended Complaint is dismissed as a violation of Rule 8.

The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint clarifying his claims within 21 days of this Order. Plaintiff's Second Amended Complaint must stand complete on its own and must not refer to his previous Amended Complaint. Plaintiff must state his intended claims only one time in his Second Amended Complaint. If Plaintiff fails to file a timely Second Amended Complaint or fails to follow the Court's instructions, his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is dismissed as a violation of Federal Rule of Civil Procedure 8.**

2) **Plaintiff shall have a final opportunity to file a Second Amended Complaint within 21 days of this Order. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file his Second Amended Complaint on or before the deadline or fails to follow the Court's instructions, his case will be dismissed without prejudice.**

3) **The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.**

ENTERED:   10/30/2023

                                                                                                                  s/ James E. Shadid  
                                                                                                                  James E. Shadid  
                                                                                                                  United States District Judge